UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

JOHN THAT LUONG, et al.,

        Defendants.

CASE NO. CR. 96-350 WBS

ORDER RE: DEFENDANT JOHN THAT LUONG'S MOTION TO DISMISS VARIOUS COUNTS FOR FAILURE TO ALLEGE ALL ELEMENTS OF THE CHARGED OFFENSE

----oo0oo----

        Defendant John That Luong moves the court to dismiss counts 13 and 25-28 of the July 16, 1998 Superseding Indictment for failure to allege that the financial transaction in question has an affect on interstate commerce and failure to identify a financial institution involved in the transaction therein alleged.

        Under Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant may move to dismiss an indictment based on defects in the indictment, lack of jurisdiction, or failure to charge an offense. "[A]n indictment is sufficient if it, first, contains

1

the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974) (citations omitted).

Counts 13, 25, and 26 allege a violations of 18 U.S.C. § 1956(a)(1)(B)(i) and (ii).  Section 1956 applies only to financial transactions that have an effect upon interstate or foreign commerce.  United States v. Goodwin, 141 F.3d 394, 399-400 (2d Cir. 1997) ("Section 1956(c)(4) limits the reach of the statute to transactions 'affect[ing] interstate or foreign commerce' in 'any way or degree;' and to transactions involving financial institutions 'engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.'") Counts 27 and 28 allege violations of 18 U.S.C. § 1957(a), which similarly requires proof of the element of an affect on interstate or foreign commerce.  See 18 U.S.C. § 1957(a), (f)(1). Therefore, an effect on interstate or foreign commerce is an element that must be alleged in an indictment charging a violation under 18 U.S.C. §§ 1956 and 1957.

In each of these counts, the indictment properly alleges an effect upon interstate commerce.  (July 16, 1998 Superseding Indictment at 8 (Counts 13 and 14: "the defendant listed below . . . did knowingly conduct a financial transaction affecting interstate commerce"); 16 (Counts 25 and 26: "the defendant listed below . . . did knowingly conduct a financial transaction affecting interstate commerce"); 17 (Counts 27 and

2

28: "the defendant listed below . . . did knowingly engage in a monetary transaction, affecting interstate commerce").)[1]

IT IS THEREFORE ORDERED that defendant's motion to dismiss counts 13 and 25-28 of the indictment be, and the same hereby is, DENIED.

DATED:  January 25, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Defendant cites Goodwin, 141 F.3d at 400-01, United States v. Green, 964 F.3d 365 (5th Cir. 1992), and United States v. Peay, 972 F.2d 71 (4th Cir. 1992) for the proposition that the money laundering counts indictment must include proof of a nexus to interstate commerce and proof of a financial transaction. However, these cases dealt with indictments that, unlike the indictment here, had failed to expressly allege that the transactions had an effect on interstate commerce. Furthermore, these courts found the indictments sufficient for lack of prejudice to the defendant even though they had not expressly alleged certain elements of the applicable money laundering statutes.

3