UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JOHN THAT LUONG, et al.,

    Defendants.

CASE NO. CR S-96-0350 WBS

MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO DISMISS COUNTS UNDER 18 U.S.C. § 1956(h)

----oo0oo----

Defendant John That Luong is one of seven defendants named in the indictment in this case. Luong now moves to dismiss all money laundering conspiracy counts in his indictment on the grounds that the conduct alleged in those counts constituted an offense under 18 U.S.C. § 371 and not, as charged, under 18 U.S.C. § 1956(h).

I. Factual and Procedural Background

On July 16, 1998, a Grand Jury returned a 72-page indictment charging Luong and six other defendants with, inter alia, 13 Counts of Conspiracy to Launder Monetary Instruments in

1

violation of 18 U.S.C. § 1956(h).  The indictment described a series of transactions, funded by proceeds from a pattern of racketeering, robberies, and drug transactions, that included: (1) the purchase of property located at 110 Burwood Way, Folsom, Ca, (2) the purchase of a swimming pool built on the Burwood Way property, (3) the purchase of a business, Connie's Drive-Inn, and (4) the purchase several luxury automobiles.  (July 16, 1998 Superseding Indictment Counts 1, 12, 15, 24, 29.)

Each count involving Luong and a violation of 18 U.S.C. § 1956(h) alleges that Luong and others knowingly conspired "to commit offenses against the United States, specifically: laundering of monetary instruments, in violation of 18 U.S.C. Section 1956(a)(1) . . . ."[1]  These counts go on to list the "Overt Acts" taken in furtherance of the conspiracy.

Luong contends that the indictment as worded does not charge him with conduct that constitutes an offense proscribed by 18 U.S.C. § 1956(h).  (Def.'s Mot. to Dismiss Money Laundering Conspiracy Counts 3.)  Specifically, he argues that the caption for each count, identifying the charge as one under 18 U.S.C. § 1956(h), is "mere surplusage" and the language of the charge, alleging a "conspiracy to commit offenses against the United States" rather than "conspiracy to commit Section 1956(a)(i)" is fatally flawed.  (Id. at 2.)  Additionally, Luong notes that the inclusion of "Overt Acts" suggests that the general conspiracy statute, 18 U.S.C. § 371, which carries a lower maximum sentence,

---

[1] Counts 15, 24, and 29 further specifically allege that the accused defendants "engag[ed] in monetary transactions in property derived from specified unlawful activity--as further delineated in [subsequent counts]."

2

is applicable here, rather than the specific money laundering statute. (Id.)  Based on these defects, defendant argues that he has not been "plainly and unmistakably" charged with conspiracy to launder money, in violation of his due process rights.

II. Discussion

An indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  "Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." United States v. Rodriguez, 360 F.3d 949, 958 (9th Cir. 2004); see also United States v. Lane, 765 F.2d 1376, 1380 (9th Cir. 1985).  Relevant to the counts challenged in this motion, 18 U.S.C. § 1956(h) prescribes the penalties for any conspiracy to violate § 1956 or 1957. Id. ("Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.").  Thus, the indictment here needed only to inform Luong that he was charged with a conspiracy to violate 18 U.S.C. § 1956 or § 1957.

Defendant's argument that the indictment only charges him generally with "conspiracy to commit offenses against the United States" is simply wrong.  In each count captioned as falling under 18 U.S.C. 1956(h), the indictment specifies, either explicitly or by reference to other counts in the indictment, the particular offense against the United States.  The truncated

3

version of the language assailed by defendant does not accurately represent the contents of the indictment.

Likewise, the inclusion of a section identifying overt acts in each count has no bearing on the validity of the indictment.  The government properly concedes that, pursuant to a recent Supreme Court decision, "conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy."  Whitfield v. United States, 543 U.S. 209, 219 (2005).  However, "[a]llegations in the indictment that are not necessary to establish a violation of a statute . . . may be disregarded if the remaining allegations are sufficient to charge a crime."  United States v. McIntosh, 23 F.3d 1454, 1457 (8th Cir. 1994), quoted with approval in United States v. Garcia-Paz, 282 F.3d 1212, 1217 (9th Cir. 2002); see also United States v. Fernandez, 388 F.3d 1199, 1221 (9th Cir. 2004) (holding that "[t]he district court did not err in refusing to dismiss the indictment" "because of mere surplusage").  Surplusage is only fatal when it "has the effect of misleading the defendant as to the actual offense against which he is defending."  United States v. LeMay, 330 F. Supp. 628, 630 (D. Mont. 1971); see also United States v. Love, 535 F.2d 1152, 1158 (9th Cir. 1976).

The mere inclusion of overt acts in a charge captioned as one under 18 U.S.C. § 1956(h), alleging conspiracy to launder monetary instruments, could not possibly lead Luong to think he was being charged under the general conspiracy statute, 18 U.S.C. § 371.  The language of the indictment is unambiguous regarding the charge and the conduct supporting it.  Moreover, as the

4

government notes, at the time the indictment was drafted, it was not clear that overt acts could be omitted from an indictment alleging a violation of 18 U.S.C. § 1956(h).  (U.S.A.'s Opp'n to Def.'s Mot. to Dismiss 8).  The grand jury returned its indictment several years before the Ninth Circuit decided <u>United States v. Tam</u>, 240 F.3d 797 (2001), which held that "the money laundering conspiracy statute does not require the indictment to allege an overt act," <u>id.</u> at 802, and well before the Supreme Court conclusively resolved the question, <u>Whitfield</u>, 543 U.S. at 219.  The indictment, as written, was and is therefore proper.

III. <u>Conclusion</u>

In a previous order addressing another one of Luong's motions to dismiss counts in the indictment, this court observed that "[t]he superseding indictment, which is 72 pages long, not only sets forth each of the elements of the respective charges but goes into painstaking detail describing the evidentiary facts supporting each of the charges.  If the indictment is subject to any legitimate criticism it is for being too lengthy and containing too much detail."  (Dec. 11, 2003 Order (addressing motion to dismiss for failure to state an offense) 5-6.)  This observation still holds true.  The grand jury's superceding indictment contains more than enough detail to appraise Luong of the money laundering conspiracy charges he must defend against.

///
///
///
///
///

5

         IT IS THEREFORE ORDERED that defendant's motion to dismiss the money laundering conspiracy charges from the indictment be, and the same hereby is, DENIED.

DATED:  January 25, 2006

*William B. Shubb* (signature)
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE